TIMOTHY VAUGHAN,
the father, in his testament, the 1 day of december, 1759, after devising lands to his three sons David, Timothy, and Henry, and bequeathing some stock and a bed to his' daughter the plaintiff Mary, and a gold ring to each of his daughters Sarah and Cate Rably, added, 1 item, c give to my wife Sarah Yaughan all my personal estate, and ‘ negros, named as followeth, Peter, Nat, Thomas'Beef, Nancy, ‘ Patt, and the use of the plantation whereon i now live, during ‘ her natural life and appointed his wife executrix, directing that she should not he required to give security, and that his es-. tate should not be appraised.
*181 David, the eldest son, and the daughters Sarah and Cate Rably are dead, intestate, and unrepresented otherwise than by their surviving brothers and sister.
No inventory and appraisement of the estate of Timothy Vaughan the father appear to have been returned by his executrix, who died in 1772.
Of the estate in her possession at the time of her death, Timothy the second son, to whom the administration thereof was committed, returned an inventory and appraisement to Newkent county court, which estate is that bequeathed to her by the testament of her husband, or what remained of it and proceeded from it.
The plaintiffs, in right of the wife, claimed her proportion of the appraised value of the negros, and distributive shares of the other chatels.
The defendents insisted, that the property of the personal estate and negros, and not the use for her life, only, was bequeathed by the testator to his wife, by whose testament the negros were bequeathed to David the eldest son, from whom they descended to his brother Timothy, former husband of the defendent Lucy.
The cause coming on to be heard, the second day of march, 1793, the court delivered this
OPINION.
That in the bequest by Timothy Vaughan to his wife of all Ms personal estate, and negros, and the use of the plantation whereon he lived, during her life, the words, ‘ during her life,’ relating necessarily to the words,‘ i give to my wife,’ ought to be connected, and be understood to have been repeated, with them in every intervening member of the sentence to which they apply, limiting the duration of her interest in all the things which were the subjects of the gift, and the bequest ought to be expounded in the sense, wherein it would have been expounded, if it had been wri tten thus : ‘ i give to my wife, dur- ‘ ing her life, all my personal estate, and negros, and the use of ‘ the plantation whereon i now live ; or thus : ‘ all my personal ‘ estate, and negros, and the use of the plantation, whereon i ‘ uoav live, i give to my wife during her life ; or, more explicitly ‘ thus : ‘ i give to my Avife all my personal estate during her ‘ life, and i give to my Avife my negros during her life, and i ‘ give to my wife the plantation whereon now live during her ‘life.’
That this exposition is the more eligible than the other, according to which the words, ‘during her life,’ are applied *182 only to that part by which the use of the land Avas given to her would be, because, the words, confined to that, would be. superfluous, for a devise of the land, without those words, when this testator died, would have conveyed it to her during her life only ; whereas the words, applied to the personal estate and negros, are significant.
That, if the bequest be so expounded, and consequently the wife could malte no disposition of the personal estate and negros which would be effectual after her death, the former, or so much thereof as did not perish, and Avas not in the use consumed, in her lifetime, was, with the accessions, distributable, after her death, amongst the children, and the latter, with the increase of the females, descended to the heir at law, of the testator, and
That the value of the negros, for proportions whereof the-heir was accountable to the other five children, is the value of such of the original stock, with the increase of the females, as survived at the time of the wife’s death, when he had a right to possession of them ; which value appeareth by the appraisement returned by Timothy Vaughan the son to be 3001. 10s.
Conformably with which opinion, the eldest son having died intestate and childless,, and thereby his brother Timothy, the intestate of the defendent Lucy, to whom the negros descended, being in like manner accountable ; and two of the daughters, who are dead, not appearing to have been married, or to have made their testaments, and thereby the plaintiff Mary being in-. titled, as is suppssed, to distributive shares of their proportions, the court pronounced this
DECREE.
That the defendents, out of the estate in their hands to be-administered of their intestate Timothy Vaughan, the son, do pay unto the plaintiffs 831. 9s. 5d. being the sum of the plaintiff Mary’s proportion of the value of the negros, and her distributive shares of the defunct childrens proportions, and also pay unto them 171. 4s. 8d. being the sum of the plaintiff Mary’s filial portion and distributive share of 511. 14s. the appraised value of the personal estate, exclusive of the negros, as appeareth by the forementioned exhibit, with interest upon both those sums from the last day of may, in the year 1773: liberty being reserved to the defendents, on any day of the term next after they shall have been served with a copy of this decree, to shew cause against that part thereof which relateth to the personal estate, exclusive of the negros, inasmuch as they do not by their answer confess it to have come to the hands of their intestate.